UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILL FRAZIER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22 CV 41 RWS |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is before me on the petition for a writ of habeas corpus filed by Will

Frazier, Jr., a Missouri state prisoner, pursuant to 28 U.S.C. § 2254.  Frazier is

currently serving a fifteen-year sentence for second-degree assault in the Missouri

Department of Corrections' Southeast Correctional Center.  Respondent Bill Stange

is the warden of the Southeast Correctional Center.  For the reasons discussed below,

Frazier's petition will be denied.[1]

## BACKGROUND

On September 22, 2016, a man named Danny Stratton was working on his

property in Cape Girardeau County, Missouri, when his chainsaw became stuck in a

tree stump.  (Doc. 17-1, Ex. A, p. 3).  Frazier was nearby at the time and offered his

---

[1] Frazier has submitted a petition for a writ of habeas corpus, (Doc. 1), an amended petition, (Doc. 4), and several supplemental filings, (Docs. 5–7, 12, 18, 21).  All of these materials have been reviewed and considered as a part of Frazier's petition.

assistance.  (Id.)  The two were initially unsuccessful in removing the chainsaw from

the tree stump, so Stratton decided to retrieve additional tools.  (Id.)  Because he was

worried that someone might steal the chainsaw, Stratton asked Frazier if he would

stay and watch it.  (Id.)  Frazier agreed to do so in exchange for some money, so

Stratton gave him the change that he was carrying, which was roughly $1.50.  (Id.)

After Stratton returned and removed the chainsaw, Frazier asked for more money.

(Id.)  Stratton refused and walked away.  (Id.)  At that point, Frazier attacked

Stratton, causing multiple broken ribs, a swollen face, and an eye injury that resulted

in permanent blindness in one eye.  (Id.)  During the attack, a woman nearby yelled

"stop hitting him" or "stop kicking him."  (Id.)  Frazier was later charged with first-

degree assault in Missouri state court.  (Doc. 17-7, Ex. G, pp. 160–61).

At trial, Frazier asserted that he acted in self-defense, claiming that he threw

only a single punch after Stratton threatened to cut his head off and attempted to

punch him.  (Doc. 17-3, Ex. C, pp. 22, 251, 255–56).  During the trial, Frazier

objected to Stratton's testimony that he heard an unidentified woman yell "stop

hitting him" or "stop kicking him."  (Id. at pp. 169–74).  The trial court overruled

Frazier's objection, finding that the statement fell under the excited-utterance

exception to the general rule against hearsay.  (Id. at p. 173).  At the close of trial,

the jury was instructed on the charged offense of first-degree assault and the lesser-

included offense of second-degree assault.  (Doc. 17-7, Ex. G, pp. 179–84).  The

jury was also given a converse instruction for first-degree and second-degree assault, as well as an instruction on self-defense.  (Id.)  The jury found Frazier guilty of second-degree assault, and Frazier was sentenced to fifteen years of imprisonment as a prior and persistent offender under Missouri law.  (Id. at pp. 205, 213–15).

Frazier appealed his conviction of second-degree assault to the Missouri Court of Appeals.  (Doc. 17-2, Ex. B).  Frazier's sole point on appeal was that the trial court abused its discretion in overruling his objection and admitting Stratton's testimony that an unidentified woman yelled "stop hitting him" or "stop kicking him."  (Doc. 17-8, Ex. H, p. 10).  Frazier argued that the woman's statement was inadmissible hearsay because it did not fit within any of the exceptions to the general rule against hearsay.  (Id. at pp. 12–15).  Frazier asserted that admitting the woman's statement violated his constitutional rights to due process, a fair trial, and to confront the witnesses against him.  (Id. at p. 10).  The Missouri Court of Appeals affirmed the trial court's judgment, finding that the woman's statement was admissible under the excited-utterance exception to the general rule against hearsay and that the woman's statement was not testimonial in nature.  (Doc. 17-2, Ex. B).

Frazier also filed a pro se motion in the trial court for post-conviction relief, which was later amended through appointed counsel.  (Doc. 17-7, Ex. G, pp. 35–40, 55–73).  In his amended motion, Frazier asserted two claims for relief based on alleged ineffectiveness of his trial counsel.  Frazier argued that his trial counsel

3

provided ineffective assistance by (1) failing to notify the trial court that the identity

of the woman who stated "stop hitting him" or "stop kicking him" was not unknown;

and (2) failing to request a jury instruction for third-degree assault.  (Id. at pp. 58–

67).  The trial court denied Frazier's motion.  (Id. at p. 91).  The trial court rejected

Frazier's first claim because it found that his trial counsel was unaware of the

woman's identity and, as a result, objected to the admission of her statement in the

only manner possible.  (Id. at pp. 83–84).  The trial court rejected Frazier's second

claim because it found that: his trial counsel did informally submit the third-degree

assault instruction; the decision not to submit (or withdraw) a third-degree assault

instruction was supported by a reasonable trial strategy; and the evidence at trial did

not support the submission of a third-degree assault instruction.  (Id. at pp. 84–91).

Frazier appealed the denial of his motion for post-conviction relief to the

Missouri Court of Appeals.  (Doc. 17-1, Ex. A).  Frazier's sole point on appeal was

that the trial court erred in denying his motion because his trial counsel provided

ineffective assistance by failing to request a jury instruction for third-degree assault.

(Doc. 17-15, Ex. O, p. 15).  Frazier argued that his trial counsel's failure to request

such an instruction was ineffective assistance because it was not supported by a

reasonable trial strategy and there was a reasonable probability that, had the

instruction been requested, he would not have been convicted of second-degree

assault.  (Id.)  The Missouri Court of Appeals affirmed the trial court's judgment,

finding that: (1) Frazier had failed to meet his burden of showing that his trial counsel did not submit the instruction for third-degree assault; and (2) even if Frazier had proven that his trial counsel did not submit the instruction, his challenge nonetheless failed to overcome the presumption that his trial counsel's decision was supported by a reasonable trial strategy.  (Doc. 17-1, Ex. A, pp. 1, 6–9).

In addition to his direct appeal and motion for post-conviction relief, Frazier filed two state petitions for a writ of habeas corpus.  (Doc. 17-5, Ex. E; Doc. 17-6, Ex. F).  In his first petition, Frazier asserted two claims for relief: (1) the trial court erred in sentencing him to fifteen years of imprisonment because the Missouri legislature lowered the range of sentence after he committed the offense but before his sentencing; and (2) the trial court erred in sentencing him to a class C felony instead of a class D felony.  (Doc. 17-6, Ex. F).  The reviewing court denied Frazier's petition, finding that both claims were defaulted and meritless.  (Id.).  In his second petition, Frazier asserted three claims for relief: (1) the trial court erred in admitting the unidentified woman's statement; (2) the trial court erred in sentencing him as a prior and persistent offender; and (3) the trial court erred in sentencing him to a class C felony instead of a class D felony.  (Doc. 17-5, Ex. E).  The reviewing court denied Frazier's second petition because his first claim was raised and rejected on direct appeal, and his second and third claims were defaulted and meritless.  (Id.)

5

Frazier now seeks habeas relief from this Court pursuant to 28 U.S.C. § 2254. Frazier has submitted a petition for a writ of habeas corpus, (Doc. 1); an amended petition, (Doc. 4); and several supplemental filings, (Docs. 5–7, 12, 18, 21).  All of these materials have been reviewed and considered in determining what claims are being asserted by Frazier and whether he is entitled to the relief he seeks.

## LEGAL STANDARD

The statutory authority of a federal court to issue habeas relief for a state prisoner is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  Harrington v. Richter, 562 U.S. 86, 97 (2011).  As amended by the AEDPA, § 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  "Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'"  Id.  Sections 2254(b) and (c) provide that a federal court may not grant such an application "unless, with certain exceptions, the applicant has exhausted state remedies.'"  Id.  And § 2254(e) provides that "a determination of a factual issue made by a [s]tate court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  18 U.S.C. § 2254(e)(1).

Section 2254(d) places an additional restriction on applications that include a claim that has been "adjudicated on the merits in [s]tate court proceedings." Under § 2254(d), an application may not be granted with respect to a claim that has been adjudicated on the merits in a state court proceeding unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.

28 U.S.C. § 2254(d). For purposes of § 2254(d)(1), an adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). An adjudication is an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id.

Beyond these limitations, a federal court's power to issue habeas relief on behalf of a state prisoner is also limited by the doctrine of procedural default. Under the doctrine of procedural default, "[u]nless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the

7

merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." Skillicorn v. Luebbers, 475 F.3d 965, 976–77 (8th Cir. 2006); see also Martinez v. Ryan, 566 U.S. 1, 9 (2012) (noting that, under the doctrine of procedural default, "a federal court will not review the merits of claims … that a state court declined to hear because the prisoner failed to abide by a state procedural rule").  "Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." Skillicorn, 475 F.3d at 976; see also Murphy v. King, 652 F.3d 845, 849 (8th Cir. 2011) (internal quotation marks omitted) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

The Supreme Court in Martinez announced a narrow equitable rule for petitions brought by prisoners in states, such as Missouri, where a prisoner is required to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.  Under the equitable rule announced in Martinez, a prisoner may establish cause for the procedural default of an ineffective-assistance-of-trial-counsel claim in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding;" and (2) "where appointed counsel in the initial-review collateral proceeding … was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)." Martinez, 566 U.S. at 14.  "To overcome the procedural default, a prisoner must also demonstrate that

8

the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say … the claim has some merit." Id.

## DISCUSSION

Construed liberally, the materials submitted by Frazier set forth the following claims for relief:

- Claim 1: His trial counsel provided ineffective assistance by failing to argue that the excited-utterance exception to the general rule against hearsay did not apply to the unidentified woman's statement "stop hitting him" or "stop kicking him" because the woman's identity was not unknown, see (Doc. 1, Pet., pp. 4–5; Doc. 4, Am. Pet., pp. 3–7; Doc. 5, Supplement, pp. 2–3);

- Claim 2: His appellate counsel provided ineffective assistance by failing to argue that the excited-utterance exception to the general rule against hearsay did not apply to the unidentified woman's statement "stop hitting him" or "stop kicking him" because the woman's identity was not unknown, see (Doc. 1, Pet., pp. 4–5; Doc. 4, Am. Pet., pp. 7–8; Doc. 5, Supplement, pp. 2–3);

- Claim 3: His post-conviction-relief counsel provided ineffective assistance by failing to argue that his appellate counsel provided ineffective assistance on the ground set forth in Claim 2, see (Doc. 21, Supplement, pp. 2–4);

- Claim 4: The trial court erred in sentencing him as a prior and persistent offender, see (Doc. 1, Pet., p. 6; Doc. 7, Supplement, pp. 1–3);

- Claim 5: His trial counsel provided ineffective assistance by failing to argue that he did not qualify as a prior and persistent offender, see (Doc. 1, Pet., pp. 6–7; Doc. 4, Am. Pet., pp. 12–13; Doc. 7, Supplement, pp. 1–3);

- Claim 6: His appellate counsel provided ineffective assistance by failing to argue that he was improperly sentenced as a prior and persistent offender, see (Doc. 1, Pet., pp. 6–7; Doc. 7, Supplement, pp. 1–3);

- Claim 7: His post-conviction-relief counsel provided ineffective assistance by failing to argue that his trial and appellate counsel provided ineffective

assistance on the grounds set forth in Claims 5 and 6, see (Doc. 1, Pet., pp. 6–7; Doc. 7, Supplemental Filing, pp. 1–3; Doc. 21, Supplement, pp. 2–4);

- o Claim 8: The trial court erred in sentencing him to a class C felony instead of a class D felony, see (Doc. 1, Pet., p. 7);

- o Claim 9: His trial counsel provided ineffective assistance by failing to argue that he should be sentenced to a class D felony instead of a class C felony, see (Doc. 1, Pet., pp. 7–8; Doc. 4, Am. Pet., p. 13);

- o Claim 10: His appellate counsel provided ineffective assistance by failing to argue that he was improperly sentenced to a class C felony instead of a class D felony, see (Doc. 1, Pet. pp. 7–8);

- o Claim 11: His post-conviction-relief counsel provided ineffective assistance by failing to argue that his trial and appellate counsel provided ineffective assistance on the grounds set forth in Claims 9 and 10, see (Doc. 1, Pet., pp. 7–8; Doc. 21, Supplement, pp. 2–4); and

- o Claim 12: His trial counsel provided ineffective assistance by failing to request a jury instruction for third-degree assault, see (Doc. 1, Pet., p. 9; Doc. 4, Am. Pet., p. 11).

Upon review of the record, I find that Frazier's claims are procedurally defaulted, without merit, and/or do not present a basis for federal habeas relief. I also find that a certificate of appealability under 28 U.S.C. § 2253 is not warranted.

**A.      Frazier's claims are procedurally defaulted, without merit, and/or do not present a basis for federal habeas relief.**

*Claim 1: His trial counsel provided ineffective assistance by failing to argue that the excited-utterance exception to the general rule against hearsay did not apply to the unidentified woman's statement "stop hitting him" or "stop kicking him" because the woman's identity was not unknown.*

Frazier's first claim is procedurally defaulted because he did not present it to the Missouri Court of Appeals when he appealed the denial of his motion for post-

10

conviction relief.  See Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012)

(quoting Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)) ("In Missouri, 'a claim

must be presented at each step of the judicial process in order to avoid default.'");

Jolly, 28 F.3d at 53 (finding petitioner's ineffective-assistance-of-counsel claim was

procedurally defaulted because "he failed to raise it on post-conviction appeal").

This claim also does not fall within the equitable rule announced in Martinez because

it procedurally defaulted on Frazier's appeal of the denial of his motion for post-

conviction relief, not the initial review of his motion for post-conviction relief.  See

Franklin v. Hawley, 879 F.3d 307, 313 (8th Cir. 2018) ("[I]t is clear that the Martinez

exception applies only if the procedural default occurs during the initial-review of

the ineffective assistance claim.").  Because Frazier has neither demonstrated cause

for the procedural default of his first claim nor demonstrated prejudice or actual

innocence, federal habeas review of the claim is barred.

***Claim 2: His appellate counsel provided ineffective assistance by failing to argue
that the excited-utterance exception to the general rule against hearsay did not
apply to the unidentified woman's statement "stop hitting him" or "stop kicking
him" because the woman's identity was not unknown.***

Frazier's second claim is procedurally defaulted because he did not present it

to the trial court in his motion for post-conviction relief.  See Engles v. Buckner, No.

4:22 CV 126 JMB, 2022 WL 4299794, at *3 (E.D. Mo. Sept. 19, 2022) (citing

Phillips v. Missouri, 214 S.W.3d 361, 365 (Mo. Ct. App. 2007)) ("Pursuant to

Missouri law, … claims regarding ineffective assistance of counsel must be raised

11

in a Rule 29.15 motion."); Mo. Sup. Ct. R. 29.15(d) (requiring a movant to declare in his motion that he acknowledges that he "waives any claim for relief known to [him] that is not listed in the motion").  This claim also does not fall within the equitable rule announced in Martinez because the basis of the claim is alleged ineffectiveness of Frazier's appellate counsel, not his trial counsel.  See Martinez, 566 U.S. at 15 (stating "an attorney's negligence in a postconviction proceeding does not establish cause … except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial").  Because Frazier has neither demonstrated cause for the procedural default of his second claim nor demonstrated prejudice or actual innocence, federal habeas review of the claim is barred.

***Claim 3: His post-conviction-relief counsel provided ineffective assistance by failing to argue that his appellate counsel provided ineffective assistance on the ground set forth in Claim 2.***

Frazier's third claim does not present a basis for federal habeas relief because there is no constitutional right to assistance of counsel in post-conviction-relief proceedings and, as a result, there is no constitutional violation that results from ineffectiveness of counsel in such proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (internal citations omitted) ("There is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.").  Because Frazier's third claim does not allege a violation of federal law, it does not

12

present a basis for federal habeas relief.  See 28 U.S.C. § 2254(a) (permitting a

federal court to entertain only those habeas petitions alleging that a person is in state

custody "in violation of the Constitution or laws or treaties of the United States").

***Claim 4: The trial court erred in sentencing him as a prior and persistent offender.***

Frazier's fourth claim does not present a basis for federal habeas relief because

it alleges only that the trial court misapplied Missouri law.  See Wilson v. Corcoran,

562 U.S. 1, 5 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991))

("'[F]ederal habeas corpus relief does not lie for errors of state law.'"); Estelle, 502

U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions.").

***Claim 5: His trial counsel provided ineffective assistance by failing to argue that
he did not qualify as a prior and persistent offender.***

Frazier's fifth claim is procedurally defaulted because he did not present it to

the trial court in his motion for post-conviction relief.  See Engles, 2022 WL

4299794, at *3; Mo. Sup. Ct. R. 29.15(d).  However, because this claim involves

alleged ineffectiveness of Frazier's trial counsel that was not presented by his post-

conviction-relief counsel in the initial review of his motion for post-conviction relief,

I will consider whether I may nevertheless review the merits of the claim under the

equitable rule announced in Martinez.  As discussed above, the equitable rule

announced in Martinez provides that the procedural default of an ineffective-

assistance-of-trial-counsel claim does not bar a federal habeas court from reviewing

the merits of the claim if the claim has some merit and the petitioner's counsel in the initial-review collateral proceeding was ineffective.

Upon review of the record, I find that Frazier's fifth claim does not fall within the equitable rule announced in <u>Martinez</u> because the claim is without merit.  The claim is without merit because, as the court found in denying Frazier's second state petition for a writ of habeas corpus, he was properly sentenced as a prior and persistent offender under the Missouri law in effect on the date of his offense.  (Doc. 17-5, Ex. E, p. 5 ("The court sentenced Mr. Frazier as a prior and persistent offender to fifteen years' imprisonment for the Class C felony.  … Mr. Frazier's sentence under the statutes in effect on September 22, 2016, the date of the offense, is correct.")).[2]   Because Frazier was properly sentenced as a prior and persistent offender, he cannot show that he was prejudiced by his trial counsel's alleged failure to argue that he did not qualify as a prior and persistent offender.  In the absence of such a showing, Frazier's fifth claim is without merit.  <u>See</u> <u>Strickland</u>, 466 U.S. at 687 (stating that an ineffective-assistance-of-counsel claim requires a showing that "counsel's performance was deficient" and "the deficient performance prejudiced

---

[2] Frazier claims that he was improperly sentenced as a prior and persistent offender under Mo. Rev. Stat. § 558.016 because Mo. Rev. Stat. § 565.079, which became effective on January 1, 2017, precluded the use of Mo. Rev. Stat. § 558.016 in his case.  This argument was raised and rejected in Frazier's second state petition for a writ of habeas corpus. (Doc. 17-5, Ex. E, pp. 3–4). It would be improper for me to reexamine this state-law question when reviewing Frazier's petition under 28 U.S.C § 2254.  <u>See</u> <u>Estelle</u>, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

the defense"); id. at 694 (explaining that a showing of prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

***Claim 6: His appellate counsel provided ineffective assistance by failing to argue that he was improperly sentenced as a prior and persistent offender.***

Frazier's sixth claim is procedurally defaulted because he did not present it to the trial court in his motion for post-conviction relief. See Engles, 2022 WL 4299794, at *3; Mo. Sup. Ct. R. 29.15(d). This claim also does not fall within the equitable rule announced in Martinez because the basis of the claim is alleged ineffectiveness of Frazier's appellate counsel, not his trial counsel. See Martinez, 566 U.S. at 15. Because Frazier has neither demonstrated cause for the procedural default of his sixth claim nor demonstrated prejudice or actual innocence, federal habeas review of the claim is barred.

***Claim 7: His post-conviction-relief counsel provided ineffective assistance by failing to argue that his trial and appellate counsel provided ineffective assistance on the grounds set forth in Claims 5 and 6.***

Frazier's seventh claim does not present a basis for federal habeas relief because, given that there is no constitutional right to assistance of counsel in post-conviction-relief proceedings, it does not allege a violation of federal law. See Coleman, 501 U.S. at 752; 28 U.S.C. § 2254(a).

15

***Claim 8: The trial court erred in sentencing him to a class C felony instead of a class D felony.***

Frazier's eighth claim does not present a basis for federal habeas relief because it alleges only that the trial court misapplied Missouri law.  See Wilson, 562 U.S. at 5; Estelle, 502 U.S. at 67–68.

***Claim 9: His trial counsel provided ineffective assistance by failing to argue that he should be sentenced to a class D felony instead of a class C felony.***

Frazier's ninth claim is procedurally defaulted because he did not present it to the trial court in his motion for post-conviction relief.  See Engles, 2022 WL 4299794, at *3; Mo. Sup. Ct. R. 29.15(d).  However, this claim involves alleged ineffectiveness of Frazier's trial counsel that was not presented by his post-conviction-relief counsel in the initial review of his motion for post-conviction relief, so I will consider whether I may nevertheless review the merits of the claim under the equitable rule announced in Martinez.

As with his fifth claim, I find that Frazier's ninth claim does not fall within the equitable rule announced in Martinez because the claim is without merit.  The claim is without merit because, as the courts found in denying Frazier's state petitions for a writ of habeas corpus, he was properly sentenced to a class C felony. (Doc. 17-5, Ex. E, pp. 4–5; Doc. 17-6, Ex. F, pp. 2–4).[3]  Because Frazier was

---

[3] Frazier claims that he was improperly sentenced to a class C felony because the offense of second-degree assault was reclassified as a class D felony on January 1, 2017.  Like Frazier's argument regarding his sentencing as a prior and persistent offender, this argument was raised and rejected in Frazier's state petitions for a writ of habeas corpus.  (Doc. 17-5, Ex. E, pp. 4–5; Doc.

16

properly sentenced to a class C felony, he cannot show that he was prejudiced by his

trial counsel's alleged failure to argue that he should be sentenced to a class D felony

instead.  In the absence of such a showing, Frazier's ninth claim is without merit.

See Strickland, 466 U.S. at 687, 694.

***Claim 10: His appellate counsel provided ineffective assistance by failing to argue
that he was improperly sentenced to a class C felony instead of a class D felony.***

Frazier's tenth claim is procedurally defaulted because he did not present it to

the trial court in his motion for post-conviction relief.  See Engles, 2022 WL

4299794, at *3; Mo. Sup. Ct. R. 29.15(d).  This claim also does not fall within the

equitable rule announced in Martinez because the basis of the claim is alleged

ineffectiveness of Frazier's appellate counsel, not his trial counsel.  See Martinez,

566 U.S. at 15.  Because Frazier has neither demonstrated cause for the procedural

default of his tenth claim nor demonstrated prejudice or actual innocence, federal

habeas review of the claim is barred.

***Claim 11: His post-conviction-relief counsel provided ineffective assistance by
failing to argue that his trial and appellate counsel provided ineffective assistance
on the grounds set forth in Claims 9 and 10.***

Frazier's eleventh claim does not present a basis for federal habeas relief

because, given that there is no constitutional right to assistance of counsel in post-

---

17-6, Ex. F, pp. 2–4).  It would be improper for me to reexamine this state-law question when
reviewing Frazier's petition under 28 U.S.C. § 2254.  See Estelle, 502 U.S. at 67–68.

conviction-relief proceedings, it does not allege a violation of federal law.  See

Coleman, 501 U.S. at 752; 28 U.S.C. § 2254(a).

***Claim 12: His trial counsel provided ineffective assistance by failing to request a jury instruction for third-degree assault.***

Frazier's twelfth claim, unlike his other claims, presents a basis for federal

habeas relief and is not procedurally defaulted.  I will therefore proceed directly to

reviewing the merits of the claim.

Upon review of the record, I find that Frazier's twelfth claim is without merit.

The claim is without merit because the trial court (in reviewing Frazier's motion for

post-conviction relief) found that his trial counsel did in fact submit a jury instruction

for third-degree assault, (Doc. 17-7, Ex. G, p. 87 ("This Court further finds that trial

counsel did submit the Assault 3rd instruction, but that it was refused by the trial

court.")), and Frazier has not presented clear and convincing evidence rebutting the

presumption that the trial court's finding is correct, see 18 U.S.C. § 2254(e)(1)

(stating "a determination of a factual issue made by a [s]tate court shall be presumed

to be correct" and "[t]he applicant shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence").  Because the trial court's finding

that Frazier's trial counsel did submit a jury instruction for third-degree assault must

be presumed to be correct, Frazier's claim that his trial counsel provided ineffective

assistance by failing to submit such an instruction necessarily fails.

**B.      A certificate of appealability is not warranted.**

I have considered whether to issue a certificate of appealability in this case

under 28 U.S.C. § 2253.  To issue such a certificate, I must find that Frazier has

made "a substantial showing of the denial of a [federal] constitutional right."  28

U.S.C. § 2253(c)(2).  A substantial showing refers to a showing that "issues are

debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir.

1997).  Having reviewed Frazier's claims, I find that he has not made such a

showing.  I will therefore decline to issue a certificate of appealability.

## CONCLUSION

Because Frazier's claims are procedurally defaulted, without merit, and/or do

not present a basis for federal habeas relief, his petition will be denied.  I will also

decline to issue a certificate of appealability because Frazier has not made a

substantial showing of the denial of a federal constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Will Frazier, Jr. for a writ of

habeas corpus [1] & [4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of

appealability under 28 U.S.C. § 2253.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October 2022.